

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *Christina O. Hud*<br>*Assistant U.S. Attorney* | *401 Market Street, Fourth Floor*<br>*Camden, New Jersey 08101* | *856-605-4910* |

July 8, 2022

John Whipple, Esq.
WHIPPLE AZZARELLO LLC
161 Madison Avenue, Suite 325
Morristown, NJ 07960
jcwhipple@whippleazzarellolaw.com

*CR. 19-191-4 (RBK)*

      Re:  <u>Plea Agreement with Thomas Schallus</u>

Dear Mr. Whipple:

      This letter sets forth the plea agreement between your client, Thomas Schallus, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Thomas Schallus to a one-count Superseding Information, which charges him with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, and in violation of Title 18, United States Code, Section 1349. If Thomas Schallus enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of this agreement, this Office will not initiate further criminal charges against him for the unlawful obtaining, promoting, and filling of compound medication prescriptions during the time period from July 2014 through April 2016. In addition, if Thomas Schallus fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1 and 11-13 of the Indictment in Criminal No. 19-191 (RBK) against Thomas Schallus. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Thomas Schallus agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Thomas Schallus may be commenced against him notwithstanding the expiration of the limitations period after Thomas Schallus signs the agreement.

1

Sentencing

The violation of 18 U.S.C. § 1349 to which Thomas Schallus agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Thomas Schallus is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Thomas Schallus ultimately will receive.

Further, in addition to imposing any other penalty on Thomas Schallus, the sentencing judge: (1) will order Thomas Schallus to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Thomas Schallus to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Thomas Schallus, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Thomas Schallus to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Thomas Schallus be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Thomas Schallus may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Thomas Schallus agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. The parties do not agree as to the restitution figure. The parties reserve their rights to present their respective arguments regarding the restitution amount at sentencing. This Office will take the position that the restitution amount is at least $477,958.09.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Thomas Schallus agrees to forfeit to the United States all of his right, title, and interest in all property he obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Superseding Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7). Thomas Schallus further agrees that the value of such property was $73,964.69; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $73,964.69 (the "Money Judgment"). Thomas Schallus consents to the entry of an order requiring him to pay the Money Judgment and that such order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Thomas Schallus further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Thomas Schallus waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Thomas Schallus understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Thomas Schallus waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Thomas Schallus' assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Thomas Schallus further agrees that not later than the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on

the form provided by this Office. If Thomas Schallus fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Thomas Schallus has intentionally failed to disclose assets on his Financial Disclosure Statement, Thomas Schallus agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offenses, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the U.S. Department of Justice, which will make its decision in accordance with applicable law.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Thomas Schallus by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement, and (2) the full nature and extent of Thomas Schallus' activities and relevant conduct with respect to this case.

## Stipulations

This Office and Thomas Schallus agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Thomas Schallus from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that

the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Immigration Consequences

Thomas Schallus understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removal from the United States by making him deportable, excludable, inadmissible, or ending his naturalization. Thomas Schallus understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Thomas Schallus wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Thomas Schallus understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Thomas Schallus waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Thomas Schallus. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Thomas Schallus.

No provision of this agreement shall preclude Thomas Schallus from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Thomas Schallus received constitutionally ineffective assistance of counsel.

\* \* \*

No Other Promises

This agreement constitutes the plea agreement between Thomas Schallus and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

VIKAS KHANNA
Attorney for the United States
Acting Under Authority Conferred By 28 U.S.C. § 515

_[signature]_

CHRISTINA O. HUD
DESIREE GRACE
R. DAVID WALK, JR.
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

APPROVED:

_[signature]_

MOLLY S. LORBER
Attorney-in-Charge, Camden Vicinage
United States Attorney's Office
District of New Jersey

I have received this letter from my attorney, John C. Whipple, Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          _____7/14/22_____
THOMAS SCHALLUS                          Date
*Defendant*

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____          _____7/14/22_____
JOHN C. WHIPPLE, ESQ.                    Date
*Counsel for Defendant*

7

## PLEA AGREEMENT WITH THOMAS SCHALLUS
## SCHEDULE A

1.  This Office and Thomas Schallus recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Thomas Schallus nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3.  The guideline that applies to the charged conduct is U.S.S.G. § 2B1.1, which provides for a base offense level of 6. See U.S.S.G. § 2B1.1(a)(2).

4.  The parties agree that Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(G) applies because the offense involved losses totaling more than $250,000 but not more than $550,000. This results in an increase of 12 levels. See U.S.S.G. § 2B1.1(b)(1)(G).

5.  The parties agree that Thomas Schallus was a minor participant in the scheme and that his offense level should be decreased by 2 levels pursuant to U.S.S.G. § 3B1.2(b). The defendant reserves the right to argue at sentencing that he was a minimal participant in the scheme and that his offense level should be decreased by 4 levels pursuant to U.S.S.G. § 3B1.2(a). The Government disagrees with this position and reserves the right to argue against a decrease of 4 levels pursuant to U.S.S.G. § 3B1.2(a) at sentencing.

### ACCEPTANCE OF RESPONSIBILITY

6.  As of the date of this letter, Thomas Schallus has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Thomas Schallus' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, Thomas Schallus has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Thomas Schallus' offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Thomas Schallus enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Thomas Schallus' acceptance of responsibility has continued through the date of sentencing and Thomas Schallus therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to

U.S.S.G. § 3E1.1(a), and (c) Thomas Schallus' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that: (a) if the Court finds that Thomas Schallus was a minimal participant in the scheme pursuant to U.S.S.G. § 3B1.2(a), the Guidelines offense level applicable to Thomas Schallus will be 12; and (b) if the Court does not find that Thomas Schallus was a minimal participant in the scheme pursuant to U.S.S.G. § 3B1.2(a), the Guidelines offense level applicable to Thomas Schallus will be 13 (collectively, "the agreed total Guidelines offense level").

9. Thomas Schallus knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).